UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DEMOSTHENES HILL, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:07CV54 LMB |
| T. LYNN BROWN, | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Demosthenes Hill (registration no. 515103), an inmate at Southeast Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. Plaintiff seeks to appeal the decision of a state court judge in a post-conviction proceeding. The Court will dismiss the case for lack of subject matter jurisdiction.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.

After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of applicant's account indicates an average monthly deposit of $137.70, and an average monthly balance of $18.47. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $27.54, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff brings this complaint under 42 U.S.C. § 1983 alleging due process violations in his state court post-conviction proceedings.  Defendant Brown is a Circuit Judge in Mississippi County, Missouri.  Plaintiff alleges that Judge Brown has not issued a show cause order to the State as to why plaintiff's petition for habeas corpus should not be granted.  Plaintiff seeks an injunction forcing Judge Brown to issue a show cause order to the State pursuant to Rule 91.05.  Alternatively, plaintiff seeks an order removing the petition to this Court.

## Discussion

The complaint is frivolous because the Court does not have subject matter jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was

unconstitutional. Review of those decisions may be had only in [the United States Supreme Court]." <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 486 (1983). As a consequence, this action shall be dismissed.

If plaintiff wishes to petition this Court for a writ of habeas corpus, he must do so in accordance with the terms of 28 U.S.C. § 2254.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $27.54 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate order of dismissal shall accompany this Memorandum and Order.

Dated this 9th day of April, 2007.

_____
UNITED STATES DISTRICT JUDGE